IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MUTUAL OF ENUMCLAW INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ENSIGN TRADERS, LLC dba ENSIGN GROUP INTERNATIONAL and ABBEY LOU, LLC dba ABBEY LOU BAGS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING INSURANCE COVERAGE**<br><br>Case No.:   2:13-cv-00865-DN<br><br>District Judge David Nuffer |

This case is a dispute between an insurer and an insured as to the scope of coverage provided under an insurance policy. In a motion for summary judgment,[1] the insurer sought a ruling on whether the insured's claimed losses were covered by the insurance policy. This order grants summary judgment to Plaintiff Mutual of Enumclaw, the insurer, declaring that the insurance policy does not provide coverage for the losses claimed by the insured.

I.   **MUTUAL OF ENUMCLAW'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Mutual of Enumclaw's motion for summary judgment maintains that the clear and unambiguous language of the policy excluded coverage for the claims for damage to personal property asserted by Defendant Abbey Lou Bags. Defendant Abbey Lou Bags opposed the motion by recognizing the policy excluded coverage for personal property claims, but that exclusion was negated by another provision in the policy. Defendant Abbey Lou Bags asserted

---

[1] Plaintiff's Motion & Memorandum in Support of Motion for Summary Judgment Regarding Insurance Coverage (Motion), docket no. 30, filed July 1, 2014.

that the negation of the exclusion restored coverage for the losses relating to its items of personal property.

## II.     UNDISPUTED FACTS

The following statement of facts contained in Mutual of Enumclaw's motion[2] for summary judgment are undisputed.[3]

1.     In July, 2012, Ensign Traders and Abbey Lou Bags entered into an oral contractual agreement wherein Ensign Traders would obtain bags manufactured in China, have the bags shipped to the warehouse, and would be responsible for storage of the bags.

2.     Before February 6, 2013, Ensign Traders relocated the Abbey Lou Bags inventory from a warehouse located in Orem to a warehouse at 475 North State Street, Lindon, Utah.

3.     Ensign Traders had leased the warehouse from the property owner, Robert Patch.

4.     On February 6, 2013, Ensign had in its care, custody, and control personal-property that was owned by Abbey Lou Bags at the warehouse.

5.     On February 6, 2013, a fire occurred in the Lindon warehouse.

6.     The fire destroyed the Abbey Lou Bags personal-property that was in the care, custody, and control of Ensign.

7.     Abbey Lou Bags has asserted a claim against Ensign for the personal-property that it lost in the fire and has demanded that Mutual of Enumclaw to indemnify Ensign by paying for Abbey Lou Bags' losses.

8.     Mutual of Enumclaw issued a Commercial General Liability Policy (CGL

---

[2] Motion at 4-9.

[3] Memorandum in Opposition to Plaintiff's Motion for Summary Judgment Regarding Insurance Coverage (Opposition) at 4-10, docket no. 31, filed July 29, 2014.

Policy), policy number CPP000309601, to Ensign.[4] The CGL Policy had coverage effective dates of March 1, 2012 through March 1, 2013.[5]

9. The CGL Policy has a $1,000,000 per-occurrence limit of liability, subject to the various terms and conditions of the policy.[6]

10. The Policy has a $300,000 sublimit for damage for "Damage to Premises Rented to You Limit".[7]

11. The Policy listed two addresses located in Orem, Utah as the insured locations.[8]

12. Consistent with its terms and conditions, the CGL Policy provides certain defense and indemnification benefits to Ensign for specified covered claims which may be asserted against it by third-parties.

13. The CGL Policy contains the following provisions relevant to third-party claims which may be asserted against Ensign:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not

---

[4] CGL Policy, attached to Motion as Ex.1, docket no. 30-1.

[5] *Id*. at MOE000003.

[6] *Id*. at MOE000015.

[7] *Id.*

[8] *Id*. at MOE000017.

> apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>> (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>>
>> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.[9]

14. The CGL Policy states the following exclusions, in relevant part:

> 2. Exclusions
>
> This insurance does not apply to:
>
> . . .
>
>> b. Contractual Liability
>>
>> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>>
>>> (1) That the insured would have in the absence of the contract or agreement;
>>>
>>> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.[10]
>
> . . .
>
>> j. Damage To Property

---

[9] *Id*. at MOE000078.

[10] *Id*. at MOE000079.

4

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.[11]

15. The CGL Policy contains the following provision – sometimes referred to as a "negation clause" – which affects the application of Exclusion j. under certain conditions:

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III – Limits Of Insurance.[12]

---

[11] *Id*. at MOE000081.

[12] *Id*. at MOE000082.

16. The CGL Policy contains the following provision in the Limits of Insurance section:

SECTION III – LIMITS OF INSURANCE

6. [T]he Damage to Premises Rented to You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.[13]

17. The CGL Policy included the following in the Declarations Page:[14]

Limits Of Insurance:

EACH OCCURRENCE LIMIT                           $1,000,000

  DAMAGE TO PREMISES RENTED TO YOU LIMIT    $300,000

18. On March 27, 2013, Abbey Lou Bags made a claim with Mutual of Enumclaw on the CGL Policy for the damage it suffered to its inventory as a result of the February 6, 2013 fire.

19. Mutual of Enumclaw has denied Abbey Lou Bags' first-party and third-party claims.

The following statement of facts contained in Abbey Lou Bag's opposition[15] to motion for summary judgment are undisputed.[16]

> 1. The policy lists certain exclusions which are referred to in the negation clause as c. through n. as follow:
>
> 2. Exclusions
>
> This insurance does not apply to:

---

[13] *Id*. at MOE000087.

[14] *Id*. at MOE000015.

[15] Opposition at 10-11.

[16] Plaintiff's Reply Memorandum in Support of Motion for Summary Judgment Regarding Insurance Coverage (Reply at 3-4. docket no. 32, filed August 19, 2014.

. . .

    c.     Liquor Liability

. . .

    d.     Workers' Compensation and Similar Laws

. . .

    e.     Employer's Liability

. . .

    f.     Pollution

. . .

    g.     Aircraft, Auto or Watercraft

. . .

    h.     Mobile Equipment

. . .

    i.     War

. . .

    j.     Damage to Property

. . .

    k.     Damage to Your Product

. . .

    l.     Damage to Your Work

. . .

    m.    Damage to Impaired Property or Property not Physically Injured

. . .

    n.     Recall of Products, Work or Impaired Property

. . .

    o.     Personal and Advertising Injury[17]

2. The policy of insurance defines "Property damage" as follows:

> "a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it."[18]

---

[17] CGL Policy at MOE000079-82.

[18] *Id*. at MOE000092.

### III. CLEAR AND UNAMBIGUOUS TERMS AND CONDITIONS IN INSURANCE POLICIES ARE ENFORCEABLE LIMITATIONS OF COVERAGE.

Under Utah law, when an insurance policy's terms are clear and unambiguous, traditional contract law principles require that they be enforced.[19]

Concerning the interpretation of insurance contracts, the Utah Supreme Court has stated that "[a]n insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts."[20] If the language in a policy is clear and unambiguous "the policy language is construed according to its usual and ordinary meaning."[21]

An insurer may "exclude from coverage certain losses by using language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided."[22] Furthermore, an "insurer may include in a policy any number or kind of exceptions and limitations to which an insured will agree unless contrary to statute or public policy."[23]

### IV. EXCLUSION J. EXCLUDES COVERAGE FOR DEFENDANT ABBEY LOU BAGS' CLAIM FOR DAMAGE TO PERSONAL PROPERTY.

Defendant Abbey Lou Bags' claim for coverage under the Policy for its fire-damaged inventory is excluded by Exclusion "j. Damage To Property." Exclusion j (4). excludes property

---

[19] *See Alf v. State Farm Fire & Cas.Co.*, 850 P.2d 1272, 1274 (Utah 1993); *AOK Lands, Inc. v. Shand, Morahan & Co.*, 860 P.2d 924 (Utah 1993).

[20] *Vestin Mortg., Inc. v. First Am. Title Ins. Co.*, 139 P.3d 1055, 1057 (Utah 2006) (quoting *Alf*, 850 P.2d at 1274).

[21] *Alf*, 850 P.2d at 1274 (citing *Fire Ins. Exch. v. Alsop, D.C.*, 709 P.2d 389, 390 (Utah 1985).

[22] *Id.* at 1275 (citing *Village Inn Apts. v. State Farm Fire & Cas. Co.*, 790 P.2d 581, 583 (Utah App. 1990)).

[23] *Farmers Ins. Exch. v. Call*, 712 P.2d 231, 233 (Utah 1985).

damages to "Personal property in the care, custody or control of the insured; . . . ."[24] The plain language of Exclusion j. excludes coverage for Abbey Lou Bags' claim. Defendant Abbey Lou Bags acknowledged that this provision operates to exclude coverage for its claim.

V.  **THE NEGATION CLAUSE DOES NOT RESTORE COVERAGE FOR DAMAGE TO PERSONAL PROPERTY.**

Defendant Abbey Lou Bags argued that even though coverage was initially excluded through Exclusion j., coverage was restored by a clause that negates the application of some of the exclusions listed in the Policy, referred to as the negation clause. The negation clause states:

> Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III – Limits Of Insurance.[25]

Defendant Abbey Lou Bags asserts that the language "damage by fire to premises while rented to you"[26] from the policy is ambiguous. There is no ambiguity in this provision. The provision is clear and unequivocal. It states that the negation clause restores coverage to "premises" that were damaged by fire. The provision clearly does not include personal property.

Contrary to Defendant Abbey Lou Bags' assertion, the Policy clearly identifies the "premises" that are insured. The Policy's Description of Premises describes the actual, physical buildings that are considered the "premises". As such, the Policy clearly indicates that the "premises" refers to the building and does not refer to the personal property.

---

[24] CGL Policy at MOE000081.

[25] *Id.* at MOE000082.

[26] *Id.*

The unambiguous nature of the negation clause is demonstrated by the courts that have considered the coverage that is restored by the clause. In both *Safway Services*[27] and *Watertown Tire Recyclers*,[28] the courts were asked to consider claims to the damaged rented-premises and claims for other damage caused by the fire. Both of the courts determined that the language of the Policy is clear and that the scope of the negation clause is limited to restoring coverage for damage to rented-premises.

It is clear that the Policy language stating "damage by fire to premises while rented to you" is limited to fire damage to the building or real property that the insured had rented and cannot be extended to damage to personal property. Furthermore, other provisions in the Policy reinforce the limited scope of the negation clause and demonstrate that the clause only restores coverage to fire damaged to rented-premises. The "Limits of Insurance" provision in the Policy, which is explicitly referenced in the negation clause, states that the coverage is limited to "Damage to Premises Rented to You". This language restricts the coverage to the rented-premises. Moreover, the provision further states that the coverage provided is for "damage because of 'property damage' to any one premises, while rented to you . . . ."[29] This phrase, read in its entirety, again reinforces that the coverage extended is restricted to damage to a rented-premises. The meaning of these phrases is clear and limits the scope of the negation clause to damage to rented-premises.

---

[27] *Safway Services, LLC, v. Anthony Filo Construction, Inc.*, No. CV 12 781207, 2013 Ohio Misc. LEXIS 73 (Ohio Com. Pl. Cuyahoga Cnty. Dec. 26, 2013).

[28] *Watertown Tire Recyclers, LLC v. Nortman*, 2011 WI App. 27, 331 Wis.2d 730, 795 N.W.2d 493.

[29] CGL Policy at ME000087.

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

(a) On February 6, 2013, under the terms of an oral contract, Abbey Lou Bags' personal property was in the care, custody, or control of Ensign Traders at its warehouse located at 475 North State Street, Lindon, Utah.

(b) Exclusion j. of the Policy issued to Ensign Traders excludes coverage for personal property of third-parties that is in the care, custody, or control of Ensign Traders.

(c) Exclusion j. is applicable to the damage claimed by Defendant Abbey Lou Bags.

(d) The negation clause of the CGL Policy does not alter the application of Exclusion j. to the damages claimed by Defendant Abbey Lou Bags.

(e) The negation clause is only applicable to damages to the actual premises rented to Ensign Traders.

(f) The Policy issued by Plaintiff Mutual of Enumclaw to Ensign Traders clearly and unambiguously excludes coverage for the damage claimed by Defendant Abbey Lou Bags.

(g) Plaintiff Mutual of Enumclaw has no obligation to defend or indemnify Ensign Traders for Defendant Abbey Lou Bags' claim for damage to its inventory as a result of the February 6, 2013 fire.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff Mutual of Enumclaw's Motion for Summary Judgment[30] is GRANTED.

Signed March 26, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[30] Docket No. 30, filed July 1, 2014.